# THE INDUSTRIAL CORPORATION OF BALTIMORE CITY

*vs.*

# THE STATE TAX COMMISSION OF MARYLAND.

*Taxation: moneyed institutions exempt; Section 88B, Article 23. Appeals from State Tax Commission: questions of law only; Sections 239 and 248 of Article 81; charter of corporation a proper part of record. Industrial Corporation: a "moneyed institution."*

Sections 239 and 248 of Article 81 of the Code, allowing appeals from the rulings of the State Tax Commission, limit the appellate review to questions of law.                    p. 380

The Industrial Corporation's corporate powers to lend money, purchase, mortgage, sell, lease and to improve and deal in real estate and to lend money to individuals or corporations about to engage in industrial pursuits in Baltimore City, bring it within the classification of a "moneyed institution" within the meaning of Section 88B of Article 23 of the Code, and as such is taxable on its shares of capital stock.            pp. 382-383

On appeal from the assessment of the stock of the Industrial Corporation, an amendment to the petition of a corporation to make the company's charter a part of the record is proper.
                                                          p. 384

*Decided April 10th, 1919.*

Appeal from the Baltimore City Court.  (DUFFY, J.)

The facts are stated in the opinion of the Court.

The causes were argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER and CONSTABLE. JJ.

*Bartlett, Poe & Claggett* submitted a brief for the appellant.

*Philip B. Perlman, Assistant Attorney General,* and *Albert C. Ritchie, Attorney General,* for the appellee.

URNER, J., delivered the opinion of the Court.

Under the provisions of sections 88B and 88C of Article 23 of the Code of Public General Laws every "ordinary business corporation" is subject to taxation upon its property, but is exempt from taxation on its shares of stock. For purposes of taxation ordinary business corporations are defined by section 88B as "all corporations having a capital stock," except certain classes of corporations therein designated, among which are "safe deposit and trust companies, guarantee and fidelity companies, insurance companies of all kinds," "building or homestead associations, state, national and savings banks, or savings or moneyed institutions." The question presented by this appeal is whether the appellant corporation is a moneyed institution and therefore subject to assessment for taxation on its shares of stock, or is an ordinary business corporation and as such exempt from that form of taxation, under the Code provisions just cited.

The State Tax Commission of Maryland made assessments, in the years 1917 and 1918, of twenty-five dollars per share on the two thousand shares of the capital stock of the appellant, having a par value of fifty dollars per share, and upon separate appeals from those assessments to the Baltimore City Court, the action of the Commission was affirmed, the two appeals being heard simultaneously. Further appeals have been taken by the corporation to this Court, as permitted by sections 239 and 245 of Article 81 of the Code, which limit the appellate review to questions of law. *Baltimore v. C. & P. Tel. Co.,* 131 Md. 55; *Postal Tel. Cable Co.* v. *Harford Co.,* 131 Md. 101; *Hyattsville v. C. & P. Tel. Co.,* 131 Md. 594; *Fidelity Trust Co.* v. *State Tax Commission, ante,* page

The record filed in the Baltimore City Court, on each of the appeals from the State Tax Commission, contained only the petition of the appellant disputing its liability to be assessed on its shares, and the report which it had submitted, as required by law, giving information essential to the assessment of its stock or property for taxation, together with a statement of the assessment of which the appellant complains. The report describes the business conducted by the appellant as being in aid of industries in Baltimore. It appears also from the report that the appellant's assets consist principally of investments in the notes and securities of various industrial corporations. The Baltimore City Court, on application of the appellant, granted it leave to amend its petition by filing as part thereof a certified copy of its charter, by which it is disclosed that the company was incorporated for the following purposes:

"(a) To lend money and to purhcase, mortgage, sell, lease, improve, invest or otherwise deal in real estate or personal property, including accounts, notes and securities of every description.

"(b) To acquire interests in industries and enterprises owned or controlled by individuals, firms or corporations.

"(c) And in particular to lend money to individuals, firms or corporations engaged or about to become engaged in industrial pursuits in the City of Baltimore, or the vicinity thereof, to invest in the stocks, bonds or other securities of such corporations, and to perform such other acts as may be deemed necessary to encourage the location of new industries and enterprises in the City of Baltimore, or the vicinity thereof, or to render aid to those industries now located and carrying on business in the City of Baltimore, or the vicinity thereof.

"(d) And to carry on any other business which may be necessary or proper to effectuate or facilitate the aforesaid objects, or any of them."

The corporate powers thus conferred to lend money and to invest in stocks, bonds or other securities rendered the appellant legally capable of operating as a moneyed institution. Its report in the record shows that its activities have been directed to the lending and investment of money, from which profits have been realized and in part distributed to the stockholders. It has been held by this Court that the name of a corporation and the powers granted by its charter reflect upon the question as to its real character, but that the transactions of which its business consists are of decisive importance in such an inquiry. *State* v. *Central Trust Co.,* 106 Md. 274; *State* v. *German Savings Bank,* 103 Md. 205. The corporate name of the appellant is The Industrial Corporation of Baltimore City. There is nothing in such a name to characterize the corporation as a "moneyed institution," but the charter powers granted to the company and the business in which it appears to be actually engaged bring it within that classification.

A moneyed institution, as differentiated by the statute from an ordinary business corporation, was doubtless regarded by the Legislature as one which deals in the use of money as distinguished from other forms of value which may be the subjects of corporate transactions. The term "moneyed corporation" has been defined by a New York statute to mean a corporation "having banking powers, or having the power to make loans upon pledges or deposits or authorized by law to make insurances." In testing by this definition the corporation under inquiry in the case of *Platt* v. *Wilmot,* 193 U. S. 602, and in holding it to be a moneyed corporation, the Supreme Court referred particularly to its money lending powers. As defined in 27 *Cyc.* 823, "moneyed corporations" include those "which deal in money and in the business of loaning money."

The main purpose of the incorporation of the company we are now considering was to encourage the location of new industries, and to aid those already established, in or near the City of Baltimore. It is for the promotion in this way

of the public welfare of the city, and not primarily for the private benefit of the stockholders, that the corporate enterprise has been organized and conducted. This consideration, however, does not enter into the theory upon which the statute classifies corporations for the purposes of taxation. The only inquiry we are at liberty to make as to the appellant's corporate character is whether it is a moneyed institution within the meaning of the statute. That such a designation may be properly applied to the appellant seems to us to be a necessary conclusion in view of the fact that the lending and investment of money appear from the record to be its authorized and actual business.

It was argued on behalf of the appellant that the term "moneyed institution," being mentioned in the statute in immediate connection with "savings" institutions, and "state, national and savings banks" should be construed to mean corporations of the general character indicated by those associated terms. But if the statute had intended the provision in question to apply only to banking and savings institutions, it would have been superfluous to extend the classification to other moneyed institutions. In *Mutual Ins. Co.* v. *Supervisors of Erie,* 4 N. Y. 445, the Court of Appeals of New York, in considering the statutory definition of "moneyed corporations" to which we have already referred, was unable to "see the propriety of limiting the term to corporations having banking powers." The Maryland statute was evidently framed on the theory that there are moneyed institutions other than banks and savings institutions, and it was clearly designed that all corporations of that description should be subject to the provision with which we are here concerned.

As an additional reason for the affirmance of the orders from which these appeals were taken, it is urged by the appellee that the charter of the appellant is not properly before the Court, as it was not a part of the records transmitted on appeal from the State Tax Commission, and does not appear to have been considered by the Commission, and that apart from the charter there is not a sufficient disclosure by the

record of the nature of the appellant's business to enable the Court to determine whether the corporation is a moneyed institution and whether the Commission correctly decided that question.  We are unable to adopt this view as a basis for our decision.  It may be safely assumed that the State Tax Commission referred to the appellant's charter as a source of information as to its corporate objects and character, and the leave obtained in the Court below to amend the petition by making the charter a part of it was, in our opinion, properly granted.

*Orders affirmed, with costs.*