STATE TAX COMMISSION *v.* ALLIED MORTGAGE
COMPANIES, INC.

[No. 26, October Term, 1938.]

*Decided November 16th, 1938.*

358

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, MITCHELL, SHEHAN, and JOHNSON, JJ.

*William L. Henderson, Assistant Attorney General,* with whom was *Herbert R. O'Conor, Attorney General,* for the appellant.

*Charles McHenry Howard,* with whom was *H. H. Walker Lewis* on the brief, for the appellee.

PARKE, J., delivered the opinion of the Court.

In the exercise of its original jurisdiction, the State Tax Commission of Maryland held that the Allied Mortgage Companies, Inc., a corporation under the provisions of the incorporation law of the State of Maryland, and there engaged in corporate activities, is an ordinary business corporation for the purpose of taxation. Article 81, section 186(c), of the Code (Supp. 1935). On appeal to the Circuit Court No. 2 of Baltimore City, this classification was adjudged error, and the corporation was determined to be a mortgage corporation, and as such to be taxed. From the order so holding, the State Tax Commission of Maryland has appealed.

The question is whether, within the meaning of the statute, the corporation is an "ordinary business" or "mortgage" corporation for the imposition of taxes under the revenue laws of the State. In the exercise of its prerogative the General Assembly of Maryland has selected and classified the subjects of taxation, and imposed different rates on the respective classes. No questions of equality and uniformity are raised, and it is not claimed that the classification is unreasonable or arbitrary. *Grossfeld v. Baughman,* 148 Md. 330, 129 A. 370; *Consolidated Gas & Elec. Co. v. Baltimore,* 105 Md. 43, 65 A. 628.

The problem is one of definition and of application.

All private corporations are expected to be assessed for taxes under general laws, unless they are expressly exempt by law. *Cooley on Taxation* (4th Ed.) sec. 791; *Germania v. State,* 7 Md. 1; *Baltimore, C. & A. Ry. Co. v. Wicomico County,* 93 Md. 113, 48 A. 853. Code (1935 Suppl.) art. 81, sec. 2 (5).

As used in article 81, entitled "Revenue and Taxes," the phrase "ordinary business corporation" is defined by the statutory declaration that the words "shall mean any corporation having a capital stock except" a list of specified corporations which are engaged in certain designated businesses. Thus the definition is accomplished by employing general terms to create a class which is composed of all corporations having a capital stock except such of these corporations as are by particular mention and description excluded. The specifically eliminated corporations are numerous and embrace designated kinds of corporations which operate as public carriers, and public utilities, and in certain fields of finance and insurance. Among the corporations expressly excluded this collocation occurs: "building or homestead associations, state, national and savings banks, finance corporations, or savings or moneyed corporations." Code (Supp. 1935) art. 81, sec. 2, subsec. (9), as amended by chapter 225 of the Acts of 1937.

By the next succeeding subsection (10) the words "finance corporations" are defined. The statute enacts that "The phrase 'finance corporation' shall include finance, credit, investment banking, investment trust, mortgage and commercial banking corporations, and any corporation other than banks or trust companies substantially competing with national banks in this State." *Supra.*

It follows that since "mortgage * * * corporations" are within the meaning of "finance corporations," the statutory law has by enumeration expressly excluded mortgage corporations from the technical class of "ordinary business corporations" for the purposes of taxation. The term "mortgage corporations" is not further defined. Nor

is its signification affected by limitations of context or description. The words are in common use, and there is nothing to indicate that they are intended to express a technical meaning or that, if effect be given according to their ordinary and familiar sense, the clear intention of the Legislature would be defeated. In such circumstances, the rule of construction is that words in a statute are to be taken in their commonly understood signification. *Parkinson v. State,* 14 Md. 184, 196.

The importance of a proper classification grows out of a difference in the taxes imposed. The annual franchise tax is imposed on "ordinary business corporations," but not on a mortgage corporation. Furthermore, an ordinary business corporation is taxed as an individual directly on its personal property, while another than ordinary business corporation is taxed on its capital stock. Code, (Supp. 1935), art. 81, secs. 136, 6 (2), 6 (7), 7 (15) and (16).

The-term "mortgage corporations" plainly means those whose business is with mortgages, which necessarily implies the power of investment of funds by the corporations in loans whose payment is secured by property conveyed by an instrument which creates a mortgage lien. Whether the mortgage lien and mortgage instrument be to the corporation as the mortgagee, or to a trustee for the benefit of the corporation as creditor, or be acquired by purchase and assignment to the corporation subsequent to the origin of the indebtedness and the execution of the mortgage instrument, is immaterial, as every one of the forms or methods of mortgage transactions would be within the ordinary corporate capacity of a mortgage corporation. So, the corporate name Allied Mortgage Companies, Inc., is some indication of the nature of the corporate enterprise. Another, and more important, test is the charter, which declares the primary purpose and business of the corporation is to engage in and carry on the business of a mortgage corporation. This first purpose is followed by a number of others. Some of these implement the corporation with powers which are incidentally exer-

cised by mortgage corporations, and others are so comprehensive as to permit the corporation to engage in the business of an ordinary business corporation as defined by the statute. It is a common practice to have extensive objects and powers set forth in the charter, although there may be no present intention to engage in any of the corporate activities and purposes enumerated. It is because of this practice that, for the purposes of taxation, the nature of the business actually engaged in is of decisive importance. *State v. Central Trust Co.*, 106 Md. 268, 274, 67 A. 267; *Industrial Corp. v. State Tax Commission*, 134 Md. 379, 382, 106 A. 852.

What then is the nature of the business in which the Allied Mortgage Companies, Inc., is engaged? The corporation was created for the purpose of refunding and refinancing the bonds issued by fourteen different mortgage companies which had issued and sold bonds which were secured by real estate mortgages. The Reconstruction Finance Corporation, a federal agency, advanced to the Allied Mortgage Companies, Inc., a large sum of money for the refunding. The new corporation purchased the old mortgage companies' bonds and the mortgages which secured them, and issued new bonds bearing date of December 1st, 1933, and maturing twenty years thereafter. The payment of the principal ($4,828,300) and interest of the bonds of the Allied Mortgage Companies, Inc., is guaranteed by the United States Fidelity and Guaranty Company. The assets of the corporation are almost wholly of mortgages ($3,975,894). The real estate acquired in the course of business has been retained if productive; and the policy has been to secure purchase money mortgages in those instances where land has been sold. The mortgages thus taken aggregate $479,809.03. New loans to mortgagors to enable them to pay taxes, insurance premiums, and repairs on the mortgages held amount to $54,381.56. The corporation keeps deposit accounts for the mortgagors to save by monthly deposits the amounts required to meet ground rents, insurance premiums, and taxes, as these charges

come due. In its financial situation, the corporation has not been heretofore in a position to make new mortgage loans to the general public.

The effect of the consolidation of the various mort-gage corporations is to concentrate their corporate affairs while their intrinsic nature remains unchanged. Nor is the fundamental nature of a mortgage corporation altered when it has loaned all its funds on mortgages, and must wait on payments or sale of mortgages to make other mortgage loans. Its status for the imposition of taxes does not fluctuate accordingly as it may be with or without funds to lend or borrowers to service. The new company is, according to the proof, carrying on the same business of the merged or consolidated companies. It is not engaged in any other corporate activity, and exists solely to carry on the business of a mortgage cor-poration within the limits of its resources. See *People v. Mutual Trust Co.*, 96 N. Y. 10, 13, 14.

For the reasons assigned, the court is of the opinion that the Allied Mortgage Companies, Inc., should, for the purpose of assessment and taxation, be classified as a "mortgage corporation" and, therefore, as a "finance corporation" under the terms of Code, art. 81, sec. 2, subsec. (9), as amended, and subsection (10) ; and not as an ordinary business corporation. As this conclusion is that of the court which passed the order from which the appeal is taken, the order will be affirmed.

*Order affirmed, and case remanded.*