568 A.2d 873

**Thomas SCHULER, et ux.**

v.

**ERIE INSURANCE EXCHANGE, et al.**

No. 451, Sept. Term, 1989.

Court of Special Appeals of Maryland.

Feb. 1, 1990.

Certiorari Denied April 17, 1990.

**500**

Lawrence S. Lapidus (Chaikin & Karp, P.C., on the brief), Rockville, for appellants.

Thomas Patrick Ryan (McCarthy, Wilson & Ethridge, on the brief), Rockville, for appellees.

Submitted before MOYLAN, WENNER and CATHELL, JJ.

WENNER, Judge.

The issue we are called upon to decide in this appeal is whether the Circuit Court for Montgomery County erred in holding that the appellant, Thomas Schuler, was not entitled to uninsured motorist and personal injury protection coverage under the terms of a commercial liability insurance policy issued by Erie Insurance Exchange. Erie's policy covered a 1980 BMW owned by Lena Schuler, appellant's wife. Mrs. Schuler's employer, Rainbow Hair Designers, is the named insured in the policy. The subscriber is Sylvan Nahamani, the owner of Rainbow Hair Designers, who paid the premiums for the policy.

The facts giving rise to appellant's claim may be briefly stated. They are not in dispute. On August 8, 1986, appellant was standing beside his 1983 Camaro when he

was struck and was seriously injured by an automobile driven by an uninsured motorist.[1]

■ At the time he was injured, appellant's car was insured by Maryland Automobile Insurance Fund (MAIF). The limits of the MAIF policy were $20,000 per person, $40,000 per accident. Appellant's wife is currently the general manager for all of the stores operated by Rainbow Hair Designers. Mrs. Schuler's BMW was insured under the policy issued by Erie to Rainbow, as a benefit of her employment.[2] The uninsured motorist limits of the Erie policy are $100,000 per person, $300,000 per accident. Appellant made his claim against Erie rather than against MAIF, because of the higher limits available under the Erie policy. That he may make this election between the two carriers is supported by the holding in *Rafferty v. Allstate Ins. Co.*, 303 Md. 63, 492 A.2d 290 (1985). By statute, a recovery from one carrier precludes a recovery against the other.

Erie contends, and the trial court agreed, that appellant's claim is not covered by the Erie policy, because the definitions section of the Erie policy identifies the subscriber as the one who signs the policy and the terms in the policy referring to "you," "your," and "named insured," refer to the subscriber, Nahamani, and cannot be interpreted to include either the appellant or his wife.

The uninsured motorist coverage provided in the policy, Erie contends, applies to Nahamani, his resident spouse and other relatives resident in his household, but does not extend to the appellant, who is the spouse of the owner of one of the covered cars.

---

1. The driver of the uninsured automobile was later charged with driving without insurance.

2. Four other cars were included in the policy including a Chevrolet, a Volkswagen, and two Jaguars. Whether the four were owned by employees or by Nahamani is unclear.

Erie concedes that the BMW is a covered vehicle and, as such, is covered by its policy as are individuals occupying the BMW or struck by it. Erie contends that, inasmuch as the appellant was injured while standing outside of his own car, in an occurrence not involving the BMW, no payments are due appellant from either the PIP or uninsured motorist coverages provided by the Erie policy.

Citing *Pennsylvania National Mutual Casualty Co. v. Gartelman*, 288 Md. 151, 416 A.2d 734 (1980), and *Parsons v. Erie Insurance Group*, 569 F.Supp. 572 (D.Md.) (1983), appellant contends that because of the remedial nature of the uninsured motorist statute, Md.Code Art. 48A, §§ 539, 540 and 541, a liberal construction is required in order that innocent victims of motor vehicle accidents may be compensated. In appellant's view, a proper construction of the Erie policy would afford coverage to the spouse of an owner of a vehicle covered by a policy of general liability insurance. As appellant sees it, the owners of each of the five cars listed in the Erie policy have both PIP and UM coverage that includes their spouses and any relatives residing in their household.

In *Gartelman, supra,* the claimant was an insured motorist under a policy issued to her husband. While operating a motor scooter not covered under the policy, she was forced off the road and injured by an unidentified vehicle. Her PIP and UM claims were denied because of an exclusion in the policy providing that coverage was not available to a named insured, or to a relative injured while occupying an uninsured vehicle owned by the named insured. The husband owned the motor scooter.

The Court of Appeals held that the wife was covered. The Court reasoned that where the Maryland Legislature specifically enumerated the circumstances where PIP coverage could be excluded,[3] additional exclusions may not be validly inserted in a policy. The same result was reached

---

3. Md.Ann.Code, Art. 48A, § 545.

by the Court with respect to UM benefits. Article 48A, § 243H permits the exclusion of coverage where the claimant is operating an uninsured motor vehicle owned by him. Since the claimant in *Gartelman* was not the named insured, but was his spouse, the Court held that the policy exclusion as to the spouse was invalid and that UM benefits were available to her.

In *Parsons, supra,* Curtis Parsons was killed in a collision with an uninsured driver who was at fault. Parsons was driving his 1980 Pontiac and was accompanied by his wife and children, all of whom were injured. Two insurance policies were in effect at the time of the accident. Progressive Casualty Insurance Company had issued a policy to Parsons, who was the named insured, covering a 1981 Ford; the Pontiac was not listed as an insured vehicle under that policy. The second policy was issued to Parsons by Erie Insurance Group. It covered the Pontiac, but an endorsement to the policy provided that Erie was not liable for any claims arising out of the operation of the car by Parsons, who had numerous speeding violations.

Progressive conceded that it was liable to Parsons for PIP benefits, in light of the holding in *Gartelman* that all policies must provide such coverage irrespective of fault. All parties conceded, however, that Progressive was not liable to Parsons for UM benefits, because the Pontiac was not an insured vehicle under the Progressive policy. UM coverage was available to the other injured parties, however.

Erie contended that it could determine the risks it would cover and that the endorsement excluding Parsons was valid. Accordingly, it denied any claims for PIP or UM benefits made on behalf of Parsons or on behalf of any other members of his family.

The district court held that the endorsement to the Erie policy denied to the insured the PIP protection required by Art. 48A, § 539(a), which expressly covered the named insured and members of his family residing in the house-

hold.[4] Citing § 541(c), which requires that every automobile liability policy issued in Maryland provide UM coverage, the district court held that the subscriber, his or her spouse, and any relative was an insured under the policy. The court concluded that the endorsement to the policy relied upon by Erie did not exclude Parsons as an insured because there was no exclusion in the statute that would permit Erie to deny the claims of Parsons and his family. Erie, therefore, was required to provide PIP and UM benefits to Parsons and his family.

In the case *sub judice*, Erie contends that its policy comports with the requirements of Maryland law and that the PIP and UM provisions are applicable only to the subscriber, Nahamani, and to the members of Nahamani's family residing in his household. According to Erie, the appellant or his spouse would only be covered if either or both of them were injured while occupants of the BMW. Thus, as we said earlier, since the appellant was not a named insured and the BMW was not involved in the accident Erie contends that no coverage is available to him.

We observe that *Gartelman* and *Parsons*, involve named insureds, whereas the question before us is whether appellant's spouse, the owner of the BMW, should be considered as an insured despite the fact that she was neither the subscriber nor named in the policy declarations. Unquestionably, the *Gartelman* and *Parsons* cases reveal a legislative policy designed to insure fiscal responsibility by those persons owning and operating motor vehicles in Maryland.

---

**4.** The only exclusions permitted by Art. 48A, § 545(a) for PIP coverage are where a person otherwise insured: (1) intentionally causes the accident ... or (2) is injured while operating or riding in a vehicle known to be stolen, or (3) is injured in the commission of a felony or violation of § 21–904 of the Transportation Article, or (4) is a pedestrian injured in an accident outside of Maryland and is not a Maryland resident. Section 545(b) provides, with respect to motorcycles, economic loss benefits may be excluded, or offered with deductions.... (c) the insurer may exclude from the coverage in § 539 benefits for the named insured or members of his family ... when occupying an uninsured vehicle owned by the named insured or a resident member of his immediate family.

Md.Ann.Code, Art. 48A, §§ 243A–243N, 538–47; Transportation Article, § 17–101, *et seq.* Therefore, while Erie's contention that it may select those whom it chooses to cover has a certain facial appeal, it is not necessarily correct.

In *Gartelman, supra,* the Court, referring to § 541(c), said:

> That section is concerned with the protection of innocent victims of motor vehicle accidents rather than with the protection of insurance companies from allegedly unascertainable risks. . . . The exclusion of such other insured persons from UM coverage is contrary to the purpose of 541(c) which is to assure financial compensation to innocent victims of motor vehicle accidents who are unable to recover from financially irresponsible motorists.

288 Md. at 160, 416 A.2d 734 (footnote omitted).

■ Maryland's uninsured motorist statute, of course, is remedial in nature and should be liberally construed to promote its purpose of recovery for innocent victims of motor vehicle accidents. *State Farm Mutual Automobile Ins. Co. v. Maryland Automobile Ins. Fund,* 277 Md. 602, 356 A.2d 560 (1976). Against this background of statutory construction, we turn to the rules of interpretation governing the contract of insurance at issue herein.

■ The primary purpose in construing insurance contracts is to effectuate the intention of the parties. *U.S.F. & G. v. Nat. Pav. Co.,* 228 Md. 40, 178 A.2d 872 (1962). The language employed is to be afforded its ordinary and usually accepted meaning. *C. & H. Plumbing v. Employers Mut.,* 264 Md. 510, 287 A.2d 238 (1972). When the language is unambiguous, construction is within the province of the courts and Maryland has not adopted the rule that an insurance policy is to be most strongly construed against the insurer. *Travelers Ins. Co. v. Benton,* 278 Md. 542, 365 A.2d 1000 (1976). Where, however, the language of a contract is ambiguous, construction is for the trier of fact and the ambiguity is to be resolved against the company

which prepared the policy and in favor of the insured. *Aragona v. St. Paul Fire and Marine Insurance Company*, 281 Md. 371, 375, 378 A.2d 1346 (1977).[5]

The Erie policy lists Rainbow Hair Designers as the named insured. Under "Definitions," the term "Subscriber" means the person who signed, or the organization that authorized the signing of the application for the policy. "You," "your," and "named insured" means the subscriber and others named in item 1 of the Declarations. Except in the policy conditions, these words include the spouse of the subscriber if a resident of the same household.

Immediately below the named insured portion of the policy, Erie has listed the five cars covered by the policy, including a breakdown of the coverages for each car and the premiums charged for each risk. Each car has identical coverage for bodily injury, property damage, PIP, and UM coverage. The comprehensive and collision sections indicate different deductibles for the various vehicles.

The uninsured motorist coverage endorsement states that Erie will pay:

damages that the law entitles you or your legal representative to recover from the driver or owner of an uninsured motor vehicle. Damages must result from an accident arising out of the ownership or use of the uninsured motor vehicle.

Under exclusions, the policy states that it does not apply to:

(5) injury to you or a relative while occupying or struck as a pedestrian by an uninsured motor vehicle which is owned by you or a relative.

The triggering mechanism for claiming UM benefits, then, is an accident arising out of the "ownership or use of the uninsured motor vehicle" and not, as Erie contends, by

---

**5.** Erie apparently considered that its policy might be ambiguous in that it filed in the proceedings an affidavit by Nahamani setting forth what he thought he was insuring. We do not find the policy to be ambiguous, however.

the use of the BMW. We find no support for the proposition that one must be either a driver or a passenger in the BMW for coverage to apply. Pedestrian injuries are covered since the only exclusion from UM coverage is where the uninsured vehicle is owned by the insured or by a relative.

Assuming that appellant's wife had been struck as a pedestrian in the course of her travels in the BMW, coverage would apply. This is so because she obviously uses her car with the knowledge and consent of her employer. This does not mean, however, that had she, rather than appellant, been struck while standing beside appellant's Camaro that the Erie policy would provide UM coverage to her.

As we have already said, the named insured is Rainbow Hair Designers and the subscriber is Nahamani, the owner of Rainbow Hair Designers. The appellant, therefore, is not covered as either the subscriber or as the named insured. Neither can he qualify under the "others we protect" category which includes "relatives" and "anyone else while occupying the auto." "Relative" is defined in the policy as a person related by blood or marriage who resides in the insured's household, and appellant's accident did not involve the use of the BMW.

Contrary to appellant's assertion, Art. 48A does not require coverage "for vehicle *owners* and members of their family." Section 539 expressly states:

> The benefits ... shall cover the named insured and members of his family residing in his household ... injured in any motor vehicle accident (including an accident involving an uninsured motor vehicle whose identity cannot be ascertained), other persons injured while occupying the insured motor vehicle as a guest or passenger, or while using it with the express or implied consent of the named insured ..., and pedestrians injured in an accident in which the insured motor vehicle is involved or individuals injured in, on, or alighting from any other vehicle operat-

ed by animal or muscular power in an accident in which an insured vehicle is involved.

Appellant does not fall within any of those categories.

If Rainbow Hair Designers had intended to include the owners of the five cars as named insureds it could have done so simply by including the named individuals under the named insured portion of the declaration sheet in the policy. Having failed to do so, we conclude that Rainbow did not intend to extend this additional protection to the owners of the insured cars. As we see it, to hold otherwise would require us to rewrite the Erie policy.

As to PIP benefits, the coverage required by statute to be included in every motor vehicle liability policy must extend to the named insured and all household family members. Md.Ann.Code, Art. 48A, § 539(b)(1)(i). The expanded definition in the Erie policy for PIP coverage provides:

OTHERS WE PROTECT

(1) Any relative.

(2) Each active partner, if the Named Insured is a partnership.

(3) Each active executive officer, if the Named Insured is a corporation.

(4) Except for the Death Benefit, anyone else:

(a) while occupying an insured motor vehicle as a guest or passenger;

(b) while using an insured motor vehicle with your permission; or

(c) when hit as a pedestrian in an accident involving an insured motor vehicle. A pedestrian is anyone not occupying a self-propelled vehicle.

According to the Erie policy, "Named Insured" means the subscriber and others named in Item I of the Declarations. As we have said, the subscriber was Nahamani. Rainbow Hair Designers is the only named insured in Item I. Included, then, under the minimum PIP coverage mandated by statute are Nahamani and the family members residing in his household. Beyond that, although PIP coverage may

extend to appellant's wife as an officer of Rainbow under paragraph (3) of the "others we protect" category, there is simply no indication that Erie contracted to extend PIP benefits to the spouse of a corporate officer.[6] Nor do paragraphs (1), (2), or (4) of the expanded definition apply to extend PIP coverage to appellant.

The circuit court held that the Erie policy provided the coverage required by Art. 48A. We agree. We also think that the circuit court correctly construed the Erie policy so as to exclude UM and PIP coverage for Thomas Schuler. There was no error.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.

---

6. In his affidavit, Nahamani acknowledged that Rainbow Hair Designers is a corporation.