625 A.2d 322

**ERIE INSURANCE COMPANY**

v.

**Leslie THOMPSON.**

**No. 64, Sept. Term, 1991.**

Court of Appeals of Maryland.

June 4, 1993.

Paul H. Ethridge, argued and on brief (McCarthy, Wilson & Ethridge, on brief) Rockville, for appellant.

William O. Jensen, Jr., Baltimore, argued for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ.

ELDRIDGE, Judge.

The insurance policy coverage issue in this case arises out of an automobile accident which occurred in Carroll County, Maryland. The plaintiff, Leslie A. Thompson, along with Alma Lee and Graham Lee, were passengers in an automobile operated by Sam Lee. The Lee automobile was being driven southbound on Maryland Route 32 when an automobile driven by Bernard Walker crossed the center line and struck the Lee automobile. The collision resulted in the deaths of Alma and Graham Lee. Sam Lee and Leslie Thompson sustained serious injuries. It was stipulated by the parties to this case that Leslie Thompson's damages, in light of her injuries and medical bills, exceeded $100,000.00. It was also stipulated that Bernard Walker was the sole tortfeasor and that Sam Lee was not liable for Thompson's injuries.

At the time of the accident, the Walker automobile was insured by the Maryland Automobile Insurance Fund (MAIF) with liability coverage limits of $20,000.00 per person and $40,000.00 per accident. The Lee automobile was insured under a policy issued by Ohio Casualty Company which provided uninsured motorist coverage with a single limit of $100,000.00, *i.e.*, $100,000.00 per person and $100,-000.00 per accident. The plaintiff was an insured under an automobile insurance policy issued in Maryland by the defendant Erie Insurance Company. The Erie policy provided uninsured motorist coverage with limits of $100,000.00 per person and $300,000.00 per accident.

The plaintiff initially filed claims against MAIF under Walker's liability policy, against Ohio Casualty under Sam Lee's liability policy, and against Erie under her uninsured motorist coverage. The plaintiff later dropped her liability claim against Lee and stipulated that Lee was not liable for her injuries.

The other three occupants of the Lee automobile also filed claims against Walker's liability policy with MAIF. MAIF paid the total per accident limit of its liability under

the policy. Pursuant to an agreement among them, each claimant received $10,000.00. The plaintiff and the other three occupants of the Lee automobile also filed claims with Ohio Casualty under the uninsured motorist coverage of that policy. Ohio Casualty offered $60,000.00 to the claimants ($100,000.00 total limit of liability less the $40,000.00 paid by MAIF). *See* Maryland Code (1957, 1991 Repl.Vol.), Art. 48A, § 541(c)(3). Sam Lee received $30,000.00 from the Ohio Casualty Company, and the plaintiff received $30,000.00. Thereafter, Erie denied that Ms. Thompson was entitled to recover under the uninsured motorist provisions of her policy.

The plaintiff filed in the Circuit Court for Baltimore County a complaint for a declaratory judgment pursuant to Code (1974, 1989 Repl.Vol.), § 3–410 of the Courts and Judicial Proceedings Article, naming Erie as the defendant and requesting a resolution of the coverage dispute between the plaintiff and Erie. The case was tried without a jury, upon various stipulations and exhibits. Thereafter, the trial court entered a declaratory judgment resolving the coverage dispute in favor of the defendant, Erie Insurance Co.

The plaintiff then sought review by a court in banc pursuant to Article IV, § 22, of the Maryland Constitution and Maryland Rule 2–551. A three judge panel of the Third Judicial Circuit, sitting as a court in banc, heard the plaintiff's appeal. In an opinion and order, the court in banc reversed the order of the trial court and declared that, as a result of the injuries sustained by the plaintiff in the automobile collision, she had a contractual right to uninsured motorist benefits from Erie in the amount of $60,000.00.

Erie noted an appeal to the Court of Special Appeals, and, prior to argument in that court, we issued a writ of certiorari to resolve the coverage issue presented by this case.

The parties' arguments in the trial court, before the court in banc and in this Court are as follows. In its

response to the plaintiff's request for benefits, Erie stated that it did "not owe any [uninsured motorist] coverage since [the plaintiff] had $100,000.00 ... already available to her." Erie chiefly relies on Art. 48A, § 541(c)(3), which reads as follows:

"The limit of liability for an insurer providing uninsured motorist coverage under this subsection is the amount of that coverage less the sum of the limits under the liability insurance policies, bonds, and securities applicable to the bodily injury or death of the insured."

Erie's theory is that the $20,000.00 per person limit of Mr. Walker's MAIF policy was applicable to the plaintiff, and that $80,000.00 of the uninsured motorist coverage of Mr. Lee's Ohio Casualty policy (the $100,000.00 face amount less the $20,000.00 under the MAIF policy) was also applicable to the plaintiff. Erie insists that, even though there were several persons injured in the accident, $100,000.00 ($20,000.00 from MAIF and $80,000.00 from Ohio Casualty) was "applicable" to Ms. Thompson from the other two policies. Since, according to Erie, Ms. Thompson had $100,000.00 applicable to her injury from other policies, and her per person limit under the Erie policy was $100,000.00, § 541(c)(3) provides that she is not entitled to recover anything under the uninsured motorist coverage which she had purchased from Erie. Under Erie's view, the fact that the plaintiff was not the only person injured in the accident, and thus did not collect the full amount of the MAIF and Ohio Casualty policies, is irrelevant to the question of whether the plaintiff is entitled to recover under her own uninsured motorist coverage. Moreover, it is also irrelevant, in Erie's view, that Ms. Thompson had purchased $300,000.00 per accident uninsured motorist coverage. Erie does not dispute that, if the plaintiff were entitled to recover benefits under the Erie uninsured motorist coverage, the amount which she would be entitled to recover is $60,000.00 (the $100,000.00 per person limit less the $40,000.00 which she has recovered from MAIF and Ohio Casualty).

The plaintiff argues that the relevant figures in assessing Erie's obligation to provide uninsured motorist benefits under her policy are not what might have been "theoretically" applicable under the MAIF liability and Ohio Casualty uninsured motorist policies, but rather what was actually available to her. The plaintiff notes that, because several people were injured in this accident, the entire per person limits of the other policies were not available to her. The plaintiff contends that Erie's exposure is determined by starting with the $100,000.00 per person limit of the Erie uninsured motorist coverage, subtracting $10,000.00 representing the amount received from the liability policy issued by MAIF, and subtracting $30,000.00 representing the amount received from the uninsured motorist policy issued by Ohio Casualty. The plaintiff asks this Court to resolve this coverage dispute in her favor and to direct the Circuit Court for Baltimore County to enter a judgment in this contract action for $60,000.00, plus interest from the date of the in banc court's decision in her favor.

The parties in this case have presented arguments like those which we resolved in *Waters v. USF & G*, 328 Md. 700, 616 A.2d 884 (1992). In that case, we reviewed the history and purpose of the underinsured motorist coverage provisions of the Maryland Insurance Code, and we rejected an argument similar to that made by Erie.

The plaintiff in *Waters* was an insured under a automobile insurance policy issued by USF & G which provided uninsured motorist coverage with limits of $100,000.00 per person and $300,000.00 per accident. The tortfeasor responsible for the plaintiff's injuries was insured by Continental Insurance Company with total limits of liability coverage of $100,000.00 per person and $100,000.00 per accident. The plaintiff and one other person, Shirley Dunham, were injured as a result of an automobile accident caused by the tortfeasor's negligence. The tortfeasor entered into a consent judgment in favor of Ms. Dunham in the amount of $97,000.00 which Continental paid. Consequently, only $3,000.00 was available to the plaintiff from the Continental

policy. USF & G, like Erie in the present case, failed to acknowledge that, because more than one person was injured in the accident, the per accident limit, not the per person limit, was critical, and denied coverage under the uninsured motorist provisions of the plaintiff's policy.

We held that the plaintiff in *Waters* was entitled to recover from his uninsured motorist carrier because his $100,000.00/$300,000.00 uninsured motorist limits exceeded the $100,000.00/$100,000.00 liability limits of the tortfeasor in a case involving more than one injured person. We explained that, as a result of amendments to Art. 48A, § 541(c), in 1981, an insured who purchases uninsured motorist coverage in excess of the statutory minimums may collect under the uninsured motorist provisions of that policy "when the insured's uninsured motorist coverage, as well as his damages, exceed the liability coverage of the tortfeasor." *Waters v. USF & G, supra,* 328 Md. at 712, 616 A.2d at 889. We continued in *Waters* as follows (328 Md. at 714–715, 616 A.2d at 890–891, emphasis added):

"Under this scheme, a court must compare the amount of liability insurance carried by the tortfeasor with the amount of uninsured motorist coverage carried by the injured party. In the present case, we must determine if Mr. Waters's uninsured motorist coverage exceeds the amount of liability coverage purchased by the tortfeasor, Mr. Schreier. Mr. Schreier carried liability coverage of $100,000 per person and $100,000 per accident. Mr. Waters carried uninsured motorist coverage of $100,000 per person and $300,000 per accident. *Two people were injured in this accident, and thus the per accident limitation is critical.* If Mr. Schreier had carried the same liability coverage, *i.e.* $100,000 per person and $300,000 per accident, as provided for in Mr. Waters's uninsured motorist policy, Mr. Waters would have recovered up to the per person limit of $100,000 from the Schreier liability policy regardless of the $97,000 recovery by Ms. Dunham. Mr. Waters's uninsured motorist cover-

age thus exceeds the liability coverage carried by Mr. Schreier.

Consequently, under the statutory scheme and the facts of this case, Mr. Schreier was an uninsured motorist with respect to the injuries sustained by Mr. Waters. Mr. Waters may proceed against his uninsured motorist carrier, USF & G, for the remainder of his damages, up to the per person limit of $100,000. USF & G argues that because only one person is claiming uninsured motorist benefits under its policy, the only relevant limit is the per person limit of $100,000. As previously stated, this approach is inconsistent with the language and purpose of the uninsured motorist statute as amended in 1981. Mr. Waters's uninsured motorist coverage exceeds Mr. Schreier's liability coverage because *Mr. Waters would have had available a separate per person limit of $100,000 had Mr. Schreier carried liability coverage of $100,000 per person and $300,000 per accident."*

Although there is an additional policy with coverage available to the plaintiff in the present case, *i.e.*, the Ohio Casualty policy, in principle this case is controlled by *Waters*. As in *Waters*, the per accident limits of the other policies applicable to the plaintiff Thompson were less than the per accident limit of the plaintiff's uninsured motorist coverage. Under the MAIF liability policy carried by the tortfeasor Walker, plus the Ohio Casualty uninsured motorist policy, the sum of the per accident coverages was only $140,000.00, and, in light of Art. 48A, § 541(c)(3), the amount to be divided among the injured claimants was only $100,000.00. The per accident limit of the plaintiff's uninsured motorist coverage with Erie, however, was $300,000.00.

If there had been $300,000.00 per accident coverage under the other policies, the plaintiff would have received more than $40,000 from those policies. For example, under the facts of this case, if the Ohio Casualty policy had contained $300,000.00 per accident coverage, which is the same amount of per accident coverage as the plaintiff's Erie

policy contained, and with only two injured persons dividing the available Ohio Casualty policy proceeds, the plaintiff would have recovered $100,000.00 ($10,000.00 from MAIF and $90,000.00 from Ohio Casualty). Because what was available under the other applicable policies, however, was less than what was available under her Erie uninsured motorist coverage, the plaintiff under Art. 48A, § 541(c)(3), is entitled to recover from Erie the difference, as long as her total recoveries do not exceed her damages or the $100,000.00 per person limit. Applying the principles of the *Waters* case to the facts here requires a rejection of Erie's argument.

■ Moreover, the language of the Erie policy confirms that Ms. Thompson is entitled to recover the difference between the amounts paid under the other policies ($40,- 000.00) and the per person limit of her uninsured motorist coverage ($100,000.00). The applicable provisions of Erie's policy state that the insurer will pay "the amount of loss up to the applicable limit(s) shown on the Declarations for one auto, less the amount *paid or payable* by other insurance." With respect to accidents involving underinsured vehicles, it requires that "all other forms of insurance applicable at the time of the accident [be] exhausted by payment of their limits." This language clearly indicates that Erie's obligation to pay damages up to $100,000.00 will be reduced only by the amounts its insured actually received or will receive from other insurance.

Therefore, under the applicable statutory provisions as construed in *Waters v. USF & G, supra,* and alternatively under the language of the insurance policy, Ms. Thompson is entitled to recover $60,000.00 from Erie.

*DECLARATORY JUDGMENT OF THE COURT IN BANC AFFIRMED. CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE COUNTY WITH DIRECTIONS TO ENTER A JUDGMENT IN FAVOR OF THE PLAINTIFF FOR $60,000.00, PLUS INTEREST*

*FROM THE DATE OF THE IN BANC COURT'S DECI-
SION. COSTS TO BE PAID BY RESPONDENT.*