### Michael SHANABERGER

v.

### STATE AUTO MUTUAL INSURANCE COMPANY.

### Civil No. K–95–1670.

United States District Court, D. Maryland.

June 18, 1996.

Steven D. Campen, Rockville, Maryland, for plaintiff.

Dino S. Sangiamo, Venable, Baetjer and Howard, L.L.P., Baltimore, Maryland, for defendant.

FRANK A. KAUFMAN, Senior District Judge.

This case involves application of Maryland's law concerning uninsured motorist coverage. Jurisdiction is based on diversity. 28 U.S.C. § 1332. Plaintiff Michael Shanaberger is a citizen of Maryland. Defendant State Auto Mutual Insurance Company ("State Auto") is a South Carolina corporation with its principal place of business in South Carolina.[1]

### I. Facts and Procedural History

The relevant and material facts of this case are undisputed. In July 1992, plaintiff was apparently injured in an automobile accident involving a car driven by Pamela Gladhill and another car driven by Jackaline Hovis in which Ms. Hovis' two children, Chastity and Curtis Hovis, were passengers.[2] Plaintiff further alleges that Ms. Gladhill caused the accident in which he and all three Hovises were injured. Ms. Gladhill had an insurance policy with State Farm Insurance Company ("State Farm"), the liability limits of which were $50,000 per person and $100,000 per

---

**1.** Plaintiff originally sued State Auto Property & Casualty Company which is incorporated and has its principal place of business in South Carolina. Complaint at ¶ 2. On November 16, 1996, this Court granted the parties' motion to substitute defendant State Auto Mutual Insurance Company. Upon representation of defense counsel to the Clerk of this Court, this Court understands that State Auto Mutual Insurance Company and State Auto Property and Casualty Insurance Company are each incorporated, and have their principal places of business, in South Carolina.

**2.** Plaintiff's September 15, 1995 opposition to defendant's motion for summary judgment, Exhibit I. Ms. Gladhill and the Hovises are not parties to this action.

accident.[3] Apparently in return for a $25,000 settlement from State Farm, plaintiff released Ms. Gladhill from liability for his injuries, but expressly excepted any uninsurance and/or underinsurance claim from that release. Plaintiff then made a demand upon the underinsurance provision of his policy with State Auto which had a single limit of $100,000, i.e. $100,000 per person and $100,000 per occurrence. State Auto apparently rejected that demand, at which time plaintiff filed the within suit on June 6, 1995.

■ On August 22, 1995, State Auto moved for summary judgment, arguing two theories. Defendant first contended that plaintiff's release of Ms. Gladhill prejudiced State Auto. Defendant also argued that plaintiff was not, by definition, underinsured. After consideration of State Auto's motion and all filings related thereto, it appeared to this Court that the question of whether plaintiff was, by definition, underinsured, was not clear under Maryland law.[4] This Court therefore on December 18, 1995 certified two questions regarding that issue to the Court of Appeals of Maryland.[5] On April 25, 1996, Judge Rodowsky of that Court, in a letter to the undersigned Judge, suggested that this Court withdraw its order of certification because it seemed to the Court of Appeals that two recent developments in relevant law had reduced the need to have the Court of Appeals answer the certified questions. Judge Rodowsky noted a relevant decision of the Court of Special Appeals of Maryland [6] which was issued after this Court issued its order of certification and regarding which, on April 15, 1996, the Court of Appeals had denied a petition for *certiorari*. Judge Rodowsky also cited the Maryland legislature's revision, effective October 1, 1995, of the provision of the Insurance Code which defines the limit of liability of an insurer providing uninsured motorist coverage.[7] As discussed fully herein, this Court agrees that the Court of Appeals need not answer the certified questions and therefore withdrew its order of certification in a letter to Judge Rodowsky dated May 29, 1996. This Court will decide the pending motion at this time.

## II. Summary Judgment Standard

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56. "A defendant moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that he is entitled to judgment as a matter of law.... Once a defendant makes the necessary showing, the plaintiff must go forward and produce evidentiary facts to support his contention." *Barwick v. Celotex Corp.*, 736 F.2d 946, 958 (4th Cir.1984). *See also* Fed.R.Civ.P. 56(e). However, the non-movant is entitled to have all reasonable inferences drawn in his favor. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970).

## III. Analysis

■ When the parties submitted their summary judgment filings, they discussed

---

3. *Id.*, Exhibit A.

4. In a diversity action such as the instant case, this Court looks to the law of the forum, i.e. Maryland, to determine what state law is applicable. *Klaxon Co. v. Stentor Electric Manufacturing Co., Inc.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941). Maryland applies the principle of *lex locus contractus* under which the law of the jurisdiction where the contract is made determines the validity and construction of the contract. *Eastern Stainless Corporation v. American Protection Ins. Co.*, 829 F.Supp. 797, 799 (D.Md.1993) (citing *Kramer v. Bally's Park Place*, 311 Md. 387, 390, 535 A.2d 466 (1988)). A contract is made where "the last act is performed which makes the contract a binding agreement." *Grain Dealers v. Van Bus-*

kirk, 241 Md. 58, 65–66, 215 A.2d 467 (1965), *quoted in Eastern Stainless*, 829 F.Supp. at 799. During an on-the-record telephone conference conducted in this case on November 20, 1995, the parties stipulated that the insurance policy was signed and finalized in Maryland. Maryland law is therefore applicable in so far as any issues of contract law are involved.

5. This Court's December 18, 1995 certificate Order is attached hereto.

6. *General Accident Insurance Company v. Scott*, 107 Md.App. 603, 669 A.2d 773, *cert. denied*, 342 Md. 115, 673 A.2d 707 (1996).

7. Maryland Code, Art. 48A, § 541(c)(3).

two decisions of the Court of Appeals of Maryland regarding whether plaintiff was uninsured.[8] In *Waters v. U.S. Fidelity & Guaranty Company*, 328 Md. 700, 616 A.2d 884 (1992), plaintiff Waters was a passenger in an automobile driven by Edward Schreier when the automobile crossed the center line and was struck by a car driven by Shirley Dunham. Schreier was insured by Continental Insurance Company ("Continental") under a policy providing a total limit of liability coverage of $100,000 per person and $100,000 per accident. Waters was insured under a United States Fidelity and Guaranty Company ("USF & G") policy which provided uninsured motorist coverage of $100,000 per person and $300,000 per accident. Continental assessed Waters' damages at $83,000, but paid him only $3,000 for his injuries, having previously paid Dunham $97,000. Waters then sought to recover the remaining $80,000 under the uninsurance provision of his policy with USF & G. The applicable Maryland statute at that time stated: "The limit of liability for an insurer providing uninsured motorist coverage under this subsection is the amount of that coverage less the sum of the limits under the liability insurance policies, bonds, and securities applicable to the bodily injury or death of the insured." Maryland Code (1957, 1994 Repl.Vol.), Art. 48A, § 541(c)(3).[9] USF & G argued that under that definition Waters was not "uninsured" because the per person limit of the uninsured motorist coverage in Waters' policy did not exceed the per person limit of liability in Schreier's policy. The Court of Appeals of Maryland disagreed, reasoning that because two people were involved in the accident, the per accident limit was critical.

If Mr. Schreier had carried the same liability coverage as provided for in Mr. Water's uninsured motorist policy, Mr. Waters would have recovered up to the per person limit of $100,000 from the Schreier liability policy regardless of the $97,000 recovery by Ms. Dunham. Mr. Waters's uninsured motorist coverage thus exceeds the liability coverage carried by Mr. Schreier.

*Id.* at 714, 616 A.2d 884.

*Erie Insurance v. Thompson*, 330 Md. 530, 625 A.2d 322 (1993) involved an accident in which two victims were killed and plaintiff, who was a passenger, and another victim were seriously injured. The apparent tortfeasor's liability policy had limits of $20,000 per person and $40,000 per accident. The victims each received $10,000 under that policy. The driver of the car in which plaintiff was traveling had uninsurance coverage of $100,000 per person and $100,000 per accident, and plaintiff received $30,000 from that driver's insurer. Plaintiff, insured by Erie Insurance Company ("Erie"), had uninsurance coverage in the amount of $100,000 per person and $300,000 per accident. She filed an uninsurance claim with Erie, which was denied. Plaintiff then filed suit. Applying *Waters*, the Court of Appeals concluded that plaintiff was uninsured because the per accident limit of her policy was greater than the per accident limit of the other policies applicable to the accident. *Id.* at 537–38, 625 A.2d 322.

The present case can be distinguished from *Waters* and *Erie* because, here, the per accident limits of both plaintiff's and the alleged tortfeasor's policy are equal, but it is the per person limit of plaintiff's policy which is greater than that limit of the apparent wrongdoer's policy. When this Court was first presented with this issue, no Maryland

---

**8.** Under Maryland law for purposes of this discussion, the terms "underinsurance" and "insurance" can be used interchangeably. *General Accident Insurance Co. v. Scott*, 107 Md.App. 603, 607 n. 1, 669 A.2d 773 (1996). For convenience, the term "uninsurance" will be used hereinafter because the applicable statute, Maryland Code (1957, 1994 Repl.Vol.), Art. 48A, § 541(c)(3), uses that term.

**9.** The Maryland legislature recently revised that section which, effective October 1, 1995, now reads: "The limit of liability for an insurer providing uninsured motorist coverage under this subsection is the amount of that coverage less the amount paid to the insured that exhausts any applicable liability insurance policies, bonds, and securities on behalf of any person who may be held liable for the bodily injuries or death of the insured." (emphasis added). Maryland Code (1957, 1995 Supplement), Art. 48A, § 541(c)(3). The revised section applies only to actions accruing on or after October 1, 1995. *General Accident*, 107 Md.App. 603, 621–22 n. 6, 669 A.2d 773, *cert. denied*, 342 Md. 115, 673 A.2d 707 (1996).

case had decided whether, on those facts, an injured party was underinsured for purposes of § 541(c)(3). For that reason, this Court certified two questions regarding that issue to the Court of Appeals of Maryland on December 18, 1995.[10]

On January 3, 1996, the Court of Special Appeals of Maryland decided *General Accident Insurance Company v. Scott*, 107 Md. App. 603, 669 A.2d 773, *cert. denied*, 342 Md. 115, 673 A.2d 707 (1996), a case in which, as in this case, the apparent tortfeasor's and plaintiff's per accident limits were equal, but the wrongdoer's per person limit was less than plaintiff's. In *Scott*, plaintiff Scott was a passenger in Norvin Jones' car which was struck from behind by William Bain, Jr., apparently the tortfeasor, driving a car owned by Valencia Watson. Watson's vehicle was insured by State Farm under a policy which provided liability coverage of $25,000 per person and $50,000 per occurrence. Jones had insurance with Hartford Accident and Indemnity Company ("Hartford") whose uninsurance provision had a single limit of $50,000 per accident. The Hartford policy did not specify a limit per person. In that context, however, the limit per person is the same as the limit per accident. *See Erie*, 330 Md. at 532, 625 A.2d 322. Scott's policy, with General Accident Insurance Company ("General Accident"), furnished uninsured protection of $50,000 per person and $100,000 per occurrence. When the State Farm policy was insufficient to compensate Scott for her injuries, she made a demand upon General Accident under her uninsured coverage. General Accident denied the claim, taking the position that uninsurance was available through the Hartford policy because the per person limit of that policy was more than the per person limit of the alleged tortfeasor's policy with State Farm, namely $50,000 as opposed to $25,000. Hartford disagreed, arguing that Scott was not uninsured as to Hartford because the per accident limits of both policies were equal. Thus, the issue before the Court of Special Appeals was which limit of State Farm's policy, the per accident or the per person, should be compared to the Hartford policy to determine whether uninsurance coverage was available under the latter policy. Judge Hollander, writing for the Court of Special Appeals, applied the principle established in *Waters* and *Erie* that, in an accident where more than one person is injured, the relevant limit is the per occurrence limit. *Id.* at 625, 625 A.2d 322. Accordingly, the Court of Special Appeals concluded that Hartford had no obligation to Scott and affirmed the trial court's judgment in favor of Scott and against General Accident. *Id.* at 626, 625 A.2d 322. General Accident then petitioned the Court of Appeals of Maryland for *certiorari*. That petition was denied on April 15, 1996.

This Court, when applying state law, may not disregard a decision by a state intermediate appellate court "unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *U.S. v. Little*, 52 F.3d 495, 498 (4th Cir.1995) (quoting *West v. American Tel. and Tel. Co.*, 311 U.S. 223, 237, 61 S.Ct. 179, 183, 85 L.Ed. 139 (1940)). In this case, this Court has no indication that the Court of Appeals of Maryland would disagree with the decision in *Scott*. To the contrary, that Court's denial of *certiorari* perhaps suggests that it does not disagree with that decision, although the passage of the aforementioned 1995 legislative change might have led Maryland's highest court to conclude that it need not review the decision of the Court of Special Appeals. Under the circumstances, this Court will apply *Scott* to the facts of this case and does not therefore need to have the Court of Appeals answer the questions certified to it before Judge Hollander decided that case.

Another factor suggesting that the certified questions should be withdrawn is the Maryland legislature's recent revision of § 541(c)(3).[11] That change decreases the precedential value of the decision in this case, decreasing as well the need to have the Court of Appeals of Maryland decide the underinsurance issue which is presently before this Court. For those reasons, this Court has withdrawn its order of certification

---

10. *See supra* note 5.

11. See *supra* note 7.

and will now decide defendant's pending summary judgment motion.

As *Scott* clarified, the critical limit in applying the definition of uninsured in this case in which more than one person has been injured is the per occurrence rather than the per person limit. Because the per occurrence limits of both plaintiff's uninsurance coverage and the alleged tortfeasor's liability policy are equal, i.e. $100,000, plaintiff is not, by definition, uninsured. For that reason, defendant State Auto has no obligation to plaintiff and this Court will therefore enter summary judgment in a separate Order of even date herewith in favor of State Auto. In that context, this Court need not and will not reach and decide the question concerning whether plaintiff's release of the apparent wrongdoer prejudiced defendant in any way.