18 A.3d 830

**GOVERNMENT EMPLOYEES INSURANCE COMPANY**

v.

**Ray E. COMER, Jr.**

No. 19, Sept. Term, 2008.

Court of Appeals of Maryland.

April 26, 2011.

Richard E. Schimel (Anne K. Howard of Budow and Noble, P.C., Bethesda, MD), on brief, for appellant.

Michael J. Winkelman (McCarthy & Winkelman, L.L.P., Bowie, MD), on brief, for appellee.

Argued before BELL, C.J., HARRELL, BATTAGLIA, MURPHY, ADKINS, BARBERA, JOHN C. ELDRIDGE (Retired, Specially Assigned), JJ.

JOHN C. ELDRIDGE (Retired, Specially Assigned), J.

■ The issue in this declaratory judgment action concerns the coverage under the uninsured/underinsured motorist language of a motor vehicle insurance policy and the uninsured/underinsured motorist provisions of the Maryland Insurance Code.[1]

## I.

Both parties have agreed upon the facts of the case as set forth in the brief of the appellant, Government Employees Insurance Company (hereafter referred to as "GEICO"). The following summary is based upon that agreed statement of facts.

On September 10, 2005, Ray E. Comer, Jr. was riding on his 1998 Harley Davidson motorcycle westbound on Hallowing Point Road in Calvert County, Maryland. Patsy Lee Frey was traveling eastbound on Hallowing Point Road in a 1999 Ford sedan. Ms. Frey failed to yield the right of way to Mr. Comer and turned left in front of him onto northbound North Prince Frederick Boulevard. A collision occurred between Ms. Frey's Ford sedan and Mr. Comer's motorcycle. Ray Comer, Jr. sustained serious injuries as a result of this

---

1. The principal section of the Maryland Insurance Code relating to uninsured/underinsured motorist coverage, Maryland Code (1997, 2006 Repl.Vol.), § 19–509 of the Insurance Article, refers only to "uninsured" motorist coverage and does not use the word "underinsured." Nevertheless, the word "uninsured" in § 19–509 includes "underinsured." *See Waters v. USF & G,* 328 Md. 700, 712, 616 A.2d 884, 889 (1992) ("[T]he 1981 amendments make uninsured motorist coverage operate as underinsured motorist coverage"); *Hoffman v. United Services Auto. Ass'n,* 309 Md. 167, 178–179, 522 A.2d 1320, 1325–1326 (1987) ("As explained in a committee memorandum contained in the Department of Legislative Reference's file on Ch. 510 [of the Acts of 1981], this amendment makes uninsured motorist coverage operate as underinsured motorist coverage.") *See also, e.g.,* §§ 19–509(a)(2), 19–509(3), 19–509(g), 19–509.1; *Parry v. Allstate,* 408 Md. 130, 137, 968 A.2d 1053, 1057 (2009); *Erie v. Heffernan,* 399 Md. 598, 607–608, 925 A.2d 636, 641 (2007); *State Farm v. DeHaan,* 393 Md. 163, 171–172, 900 A.2d 208, 213 (2006); *West American v. Popa,* 352 Md. 455, 474–478, 723 A.2d 1, 10–12 (1998); *Erie Insurance v. Thompson,* 330 Md. 530, 536–538, 625 A.2d 322, 324–326 (1993).

collision, and his medical expenses alone exceeded $200,000. Many of Mr. Comer's injuries are permanent in nature.

Ray Comer's Harley–Davidson motorcycle was insured by a motor vehicle insurance policy issued by Progressive Insurance Co. The Progressive insurance policy carried uninsured/underinsured motorist limits in the amount of $50,000 per person.

At the time of the accident, Ray E. Comer, Jr. resided in his father's home in Anne Arundel County, Maryland. His father, Ray E. Comer, Sr. owned a 2000 Buick automobile and a 1992 Chevrolet automobile, both of which were insured under a GEICO Family Automobile Insurance Policy. This policy carried single limit uninsured/ underinsured motorist coverage in the amount of $300,000. In light of his residence, Ray E. Comer, Jr. qualified as an "insured" under the GEICO policy.

Ms. Frey's automobile was insured by a policy issued by the Erie Insurance Company. The Erie policy had a maximum liability coverage of $100,000, and Erie Insurance Company tendered the $100,000 policy limits to Ray Comer, Jr.

After accepting the $100,000 liability insurance payment from Ms. Frey's carrier, Ray Comer, Jr. also presented claims to his insurance carrier, Progressive, and to his father's carrier, GEICO, for underinsured motorist benefits. Progressive denied Mr. Comer's claim for underinsured motorist benefits, as the maximum uninsured/underinsured coverage under the Progressive policy was $50,000, and Ray Comer, Jr. was not eligible for any more benefits from Progressive because he had received $100,000 from the liability carrier.[2]

---

2. A standard provision in motor vehicle insurance policies, which was included in the Progressive policy, requires a set-off or deduction of the amount of benefits the claimant actually received from the tortfeasor from the maximum uninsured/underinsured coverage available. As such, the Progressive uninsured/underinsured motorist limits of $50,000 would be reduced by the $100,000 paid by Ms. Frey's carrier. Obviously, this left Mr. Comer with no uninsured/underinsured benefits under the Progressive policy. *See* Maryland Code (1997, 2006 Repl. Vol.), § 19–509(g) of the Insurance Article, which authorizes this provision.

GEICO also denied Ray Comer, Jr.'s claim because, in GEICO's view, he did not qualify for coverage under the GEICO policy. The denial of coverage was based on GEICO's determination that, at the time of the accident, Ray Comer, Jr. was occupying a motor vehicle owned by an insured (*i.e.*, the motorcycle) which was not covered by the GEICO policy. The exclusion in the uninsured/underinsured portion of the GEICO insurance policy which was relied upon by GEICO was as follows (emphasis in original):

"**EXCLUSIONS**

\*     \*     \*

**4.   *Bodily Injury*** sustained by an ***insured*** while occupying a motor vehicle owned by an ***insured*** and not described in the declarations and not covered by the bodily injury and property damage liability coverages of this policy is not covered."

Ray Comer, Jr. filed in the Circuit Court for Anne Arundel County, against GEICO, a complaint for a declaratory judgment, requesting a declaration that he was entitled to receive uninsured/underinsured motorist benefits under the GEICO insurance policy. Both sides filed motions for summary judgment along with legal memoranda.

In support of his motion for summary judgment, the plaintiff Comer argued that the language of the GEICO insurance policy provided him with underinsured motorist benefits under the circumstances of this case. He primarily relied upon the basic coverage language of the uninsured/underinsured motorist section of the policy, which states in relevant part as follows (emphasis in original):

"LOSSES WE PAY

We will pay damages for ***bodily injury*** and ***property damage*** caused by an accident which the ***insured*** is legally entitled to recover from the owner or operator of an ***uninsured motor vehicle*** arising out of the ownership, maintenance or use of that vehicle."

The plaintiff also relied on the following provision in the uninsured/underinsured motorist section, of the GEICO policy (emphasis in original):

"OTHER INSURANCE–BODILY INJURY

When an *insured occupies* an auto or other motor vehicle not described in this policy, this insurance is excess over any other similar insurance available to the *insured.* The insurance which applies to the *occupied* auto or other motor vehicle is primary."

With regard to the policy exclusion relied upon by GEICO, the plaintiff argued that "the exclusion is ambiguous and therefore to be construed against the insurer" which drafted the policy. Alternatively, the plaintiff maintained that the exclusion was invalid because it was "not expressly authorized by the Legislature."

GEICO, in the memorandum supporting its motion for summary judgment, relied upon the previously quoted exclusion number 4, which excluded from uninsured/underinsured motorist coverage bodily injury sustained by an insured while occupying a vehicle owned by an insured and not described in the declarations and not covered by the liability coverage of the policy. GEICO argued that the exclusion is clear and that it is valid under the Maryland Insurance Code.

Following oral argument, the Circuit Court filed a declaratory judgment declaring, *inter alia,* that the GEICO policy "provides coverage to Plaintiff for losses sustained in his September 10, 2005, motor vehicle accident," that "[t]here is no applicable exclusion in the Policy precluding that coverage," and that the "coverage provided to Plaintiff under the Policy is limited to $300,000 and is secondary to the coverage provided by the at-fault driver's insurance policy issued by Erie Insurance Co." In a written opinion accompanying the declaratory judgment, the Circuit Court relied upon the same two provisions that were relied on by the plaintiff. As to the exclusion invoked by GEICO, the court concluded: "Finally, because GEICO's interpretation of its Policy creates an ambi-

guity with regard to the scope of its coverage, that ambiguity must be construed against it as the drafting party."

GEICO filed a notice of appeal to the Court of Special Appeals, and this Court issued a writ of certiorari prior to argument in the Court of Special Appeals. *GEICO v. Comer,* 404 Md. 658, 948 A.2d 70 (2008).

## II.

■ The parties' arguments in this Court are essentially the same as their arguments in the Circuit Court. GEICO contends that the uninsured/underinsured provisions of its policy are unambiguous, that exclusion number 4 is clearly applicable and authorizes the denial of Roy Comer, Jr.'s claim, and that the exclusion is valid under the Maryland Insurance Code. Comer argued that the coverage provisions of the GEICO policy entitle him to underinsured motorist benefits under that policy. He specifically relies upon the previously quoted basic coverage language of the uninsured/underinsured motorist portion of the GEICO policy and the provision in the policy specifying which coverage is primary when an insured under the GEICO policy is occupying a vehicle insured under a different insurance policy. As to exclusion number 4, Comer maintains that it is not authorized by the uninsured/underinsured statutory provisions, and, consequently, it is invalid.

■ Comer's and the Circuit Court's reliance upon the basic uninsured/underinsured coverage provision, and the paragraph dealing with primary/excess insurance, is misplaced. These two provisions, standing alone, may well indicate excess coverage for Comer under the GEICO policy. The two provisions, however, do not stand alone. The nature of an exclusion, dealing with a more specific circumstance, is to modify, or create an exception to, the broader coverage provisions. If the two coverage provisions of the GEICO policy did not arguably cover Comer's claim, there would be no need to consider any exclusions.

A case very much on point is *Liberty Mutual Insurance v. State Farm,* 262 Md. 305, 277 A.2d 603 (1971). That case was

a declaratory judgment action to determine whether an automobile accident was covered by a motor vehicle insurance policy issued by Liberty Mutual Insurance Co. The Circuit Court in the *Liberty Mutual* case, like the Circuit Court in the present action, held that the accident was covered by a paragraph in the definitions section of the policy, and that an exclusion in another part of the policy could not remove coverage. This Court, in reversing the declaratory judgment and holding that there was no coverage, explained (262 Md. at 312, 277 A.2d at 607):

> "The lower court was of the opinion that the definitions in paragraph 6 ... did modify or make ambiguous the provisions of the paragraph 8 exclusion....
>
>        \*      \*      \*
>
> The lower court ... concluded that Liberty Mutual could not confer coverage in one part of the policy and take it away at another part of the policy. We do not concur in this conclusion, however, inasmuch [as] (1) almost all liability policies do just that by conferring broad coverage in the first part of the policy only to narrow that broad coverage by exclusions, conditions, etc., later in the policy and (2) we find no conflict between the provisions of paragraphs 6 and 8, as properly construed."

Turning to exclusion number 4 in the case at bar, the provision excludes from uninsured/underinsured motorist coverage bodily injury to an insured while the insured was occupying a vehicle owned by the insured, but not described in the declarations of the GEICO policy, and not covered by the liability provisions of that policy. The exclusion is not ambiguous and clearly precludes coverage of Comer's claim under the GEICO policy.

■  As previously mentioned, however, Comer argues that exclusion number 4 is not authorized by the Maryland Insurance Code. He relies upon many cases in this Court holding that exclusions from required motor vehicle insurance, not authorized by the Legislature, are generally invalid. This principle, and numerous cases applying it, were reviewed in

*West American v. Popa,* 352 Md. 455, 475, 723 A.2d 1, 10–11 (1998), as follows:

"This Court has consistently held that exclusions from statutorily mandated insurance coverage not expressly authorized by the Legislature generally will not be recognized. *See, e.g., Enterprise v. Allstate,* 341 Md. 541, 547, 671 A.2d 509, 512 (1996) ('Where the Legislature has mandated insurance coverage, this Court will not create exclusions that are not specifically set out in the statute'); *Van Horn v. Atlantic Mutual,* 334 Md. 669, 686, 641 A.2d 195, 203 (1994) ('this Court has generally held invalid insurance policy limitations, exclusions and exceptions to the statutorily required coverages which were not expressly authorized by the Legislature'); *Allstate Ins. Co. v. Hart,* 327 Md. 526, 531–532, 611 A.2d 100, 102 (1992); *Larimore v. American Ins. Co.,* 314 Md. 617, 622, 552 A.2d 889, 891 (1989); *Nationwide Mutual Ins. Co. v. USF & G,* 314 Md. 131, 141, 550 A.2d 69, 74 (1988); *Gable v. Colonial Ins. Co.,* 313 Md. 701, 704, 548 A.2d 135, 137 (1988) ('As a matter of statutory construction, where the Legislature has required specified coverages in a particular category of insurance, and has provided for certain exceptions or exclusions to the required coverages, additional exclusions are generally not permitted'); *Lee v. Wheeler,* 310 Md. 233, 239, 528 A.2d 912, 915 (1987) ('we will not imply exclusions nor recognize exclusions beyond those expressly enumerated by the legislature'); *Jennings v. Government Employees,* 302 Md. 352, 358–359, 488 A.2d 166, 169 (1985) ('we will not insert exclusions from the required coverages beyond those expressly set forth by the Legislature') . . . ."

*See also, e.g., Nasseri v. GEICO,* 390 Md. 188, 198–199, 888 A.2d 284, 290 (2005); *Stearman v. State Farm,* 381 Md. 436, 445–446, 849 A.2d 539, 545 (2004); *Salamon v. Progressive,* 379 Md. 301, 311–315, 841 A.2d 858, 864–867 (2004); *Lewis v. Allstate,* 368 Md. 44, 47–48, 792 A.2d 272, 274 (2002).

In our view, exclusion number 4 in the GEICO policy is authorized by the Legislature. Section 19–509(f)(1) of the Insurance Article provides as follows:

"(f) *Exclusions.*—An insurer may exclude from the uninsured motorist coverage required by this section benefits for:

(1) the named insured or a family member of the named insured who resides in the named insured's household for an injury that occurs when the named insured or family member is occupying or is struck as a pedestrian by an uninsured motor vehicle that is owned by the named insured or an immediate family member of the named insured who resides in the named insured's household...."

Comer was a family member of the named insured, resided in the named insured's household, was occupying a motorcycle owned by him when he was injured, and the vehicle was not insured under the GEICO policy. In determining whether exclusion number 4, as applied to this case, is authorized by the statute, the only possible ambiguity is the statute's reference to "an uninsured motor vehicle" owned by the family member. Nevertheless, Comer's motorcycle was "uninsured" under the declarations and liability coverage of the GEICO policy. Moreover, as earlier noted, *supra,* n. 1, the word "uninsured" in § 19–509 includes "underinsured." Comer's motorcycle was clearly an underinsured motor vehicle.

One purpose of exclusion 4 in the GEICO policy, as well as a purpose of § 19–509(f)(1), is obviously to prevent a family, owning several motor vehicles, from insuring only one or two of them with an insurer, leaving the other vehicles uninsured, or underinsured under a different policy, and being able to claim uninsured or underinsured motorist benefits from the first insurer even though no premium was paid to the first insurer for coverage of the other vehicles. An interpretation of the Insurance Code that would allow this would be unreasonable.

In *Powell v. State Farm Ins. Co.,* 86 Md.App. 98, 585 A.2d 286 (1991), the Court of Special Appeals held that an exclusion similar to exclusion number 4 was authorized by the statutory provision which is now codified as § 19–509(f)(1) of the Insur-

ance Article. The facts of the *Powell* case are analogous to the facts in the case at bar. Kenneth Powell was driving an automobile owned by his wife when he was injured in an accident. His wife's automobile was insured by an insurance policy with $20,000/$40,000 uninsured/underinsured motorist coverage. Mr. Powell owned an automobile which was insured under a different insurance policy with $100,000/$300,000 uninsured/underinsured motorist coverage. Mr. and Mrs. Powell brought a declaratory judgment action, claiming that the insurance policy on Mr. Powell's vehicle provided excess underinsured motorist coverage of Mr. Powell's injuries. The Powells argued that the exclusion in the insurance policy on Mr. Powell's automobile, which was the same as exclusion number 4 in the present case, was not authorized by the Legislature.

The Court of Special Appeals in *Powell,* in an opinion by Judge Dale Cathell (who was later a judge of this Court), held that the exclusion was permitted by the statute and that it precluded coverage under the insurance policy on Kenneth Powell's automobile. With respect to the statute, Judge Cathell stated (86 Md.App. at 108–109, 585 A.2d at 290–291):

> "We feel that the exclusionary language contained in Section 541(c)(2)(i) [now § 19–509(f)(1)], that 'an insurer may exclude from coverage . . . the named insured when occupying . . . an uninsured motor vehicle that is owned by . . . a member of his immediate family,' was intended to permit exclusion of coverage for other family-owned vehicles not insured under the applicable policy. To permit such an exclusion will encourage families to obtain coverage for *all* of their vehicles and thus maximize compliance with the purpose of the statute.
>
> *     *     *
>
> As we see it, the legislature was permitting an insurer to exclude other vehicles of an insured that were not insured under the policy at issue."

As to the Powells' reliance upon the word "uninsured" in the statute, and the reasons for the exclusion, Judge Cathell continued (86 Md.App. at 110, 585 A.2d at 291):

"To hold as appellant also urges, *i.e.,* that his wife's vehicle was not *uninsured* because it was covered under another policy, would be to permit an owner to buy excess coverage under one policy for one vehicle at a relatively small premium and coverage under a separate policy for his other vehicles at a lesser cost, and have the excess coverage of the first policy apply to the vehicles covered under the subsequent policies."

We agree with the holding in the *Powell* case. Exclusion number 4 in the GEICO insurance policy is authorized by § 19–509(f)(1) of the Insurance Article and is applicable under the facts of this case. The Circuit Court should enter a declaratory judgment that Ray Comer, Jr. is not entitled to uninsured/underinsured motorist benefits under the GEICO insurance policy.

*JUDGMENT OF THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY REVERSED AND CASE REMANDED TO THE CIRCUIT COURT TO ENTER A DECLARATORY JUDGMENT IN ACCORDANCE WITH THIS OPINION. COSTS TO BE PAID BY THE APPELLEE RAY E. COMER, JR.*

